UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PATRICK RIVERS,

     **Plaintiff,**

v.                                   **Case No.  1:25-cv-15-TKW-ZCB**

R. MCBEE,

     **Defendant.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 31).  No objections were filed, but Plaintiff did file a motion for leave to file an amended complaint (Doc. 32).[1]

Upon due consideration of the R&R and the case file, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to fully disclose his litigation history as required.  *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025).  The Court did not overlook the assertion in Plaintiff's motion for leave to file an amended complaint that his failure to fully disclose his litigation history was merely an "honest mistake," Doc. 32 at ¶8, but even if that is true, it would not save this case from dismissal.  *See, e.g., Lebarr*

---

[1]  Technically, the motion seeks leave to file a <u>third</u> amended complaint because Plaintiff has already amended the complaint twice.  *See* Docs. 5, 11.

*v. Fla. Dep't of Corr.*, 2022 WL 2438357, at \*1 (N.D. Fla. July 5, 2022) (rejecting inmate's argument that dismissal was not warranted because his failure to disclose his litigation history was a "simple mistake" and explaining that dismissal was still an appropriate sanction under those circumstances "to deter Plaintiff and others from carelessly filling out the civil rights complaint form"); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at \*1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose his litigation history where his failure to do so was allegedly based on an "honest mistake" because that "would amount to no penalty ... and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form").

Plaintiff cannot cure his failure to fully disclose his litigation history by filing an amended complaint in response to the R&R.  Indeed, "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt*, 2020 WL 6703794, at \*1; *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

The dismissal of this case is without prejudice, which means that Plaintiff may refile his claims under a new case number.  That will require Plaintiff to pay a new filing fee and list this case (along with any others) in response to the litigation history questions on the complaint form.

Accordingly, it is **ORDERED** that:

1.    The magistrate judge's R&R is adopted and incorporated by reference in this Order.

2.    Plaintiff's motion for leave to file an amended complaint (Doc. 32) is DENIED.

3.    Defendant's motion to dismiss (Doc. 27) is GRANTED, and this case is DISMISSED without prejudice under the Court's inherent authority based on Plaintiff's failure to fully disclose his litigation history.

4.    The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 20th day of March, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**